**JIE WU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75215.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Filed March 16, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

792

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

### MEMORANDUM **

Jie Wu, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, and may reverse only if the evidence compels a contrary conclusion. *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001). We deny the petition for review.

■ Substantial evidence supports the BIA's decision that, even if Wu's testimony

was credible, she failed to satisfy her burden of establishing that she is eligible for asylum or withholding of removal. *See id.* Wu testified that she was detained by the Chinese government for ten days for interrogation, but was not harmed by the police or any other authorities. This isolated incident is not so extreme as to constitute persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995) (finding no past persecution or well-founded fear of future persecution where the petitioner was arrested, detained, interrogated and beaten by members of the military). Wu also testified that she was beaten by her cellmates for no apparent reason. Because there is no evidence that the women who attacked her were motivated by Wu's religion, or any other protected ground, the record does not compel a finding that this incident established past persecution or a well-founded fear of future persecution. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Gormley v. Ashcroft,* 364 F.3d 1172, 1177 (9th Cir.2004) (incidents of violence do not rise to the level of persecution where the petitioner was not singled out on account of a protected ground).

■ Substantial evidence also supports the BIA's denial of Wu's CAT claim because she failed to show it was more likely than not that she would be tortured if she returned to China. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.